**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Décor Holdings, Inc., *et al.*,[1]<br><br>        Post-Confirmation Debtors. | Chapter 11<br><br>Case No. 19-71020 (REG)<br>Case No. 19-71022 (REG)<br>Case No. 19-71023 (REG)<br>Case No. 19-71024 (REG)<br>Case No. 19-71025 (REG)<br>(Substantively Consolidated) |
| BRYAN RYNIKER, IN HIS CAPACITY AS LITIGATION ADMINISTRATOR OF THE POST-CONFIRMATION ESTATES OF DÉCOR HOLDINGS, INC., *et al.*,<br><br>        Plaintiff,<br>v.<br><br>BRAVO FABRICS and ROSENTHAL & ROSENTHAL, INC.,<br><br>        Defendants. | Adv. No. 20-08125−reg |

**ROSENTHAL & ROSENTHAL, INC.'S ANSWER TO PLAINTIFF'S**
**FIRST AMENDED COMPLAINT TO AVOID AND RECOVER TRANSFERS**
**PURSUANT TO 11 U.S.C. §§ 547, 548, AND 550 AND TO**
**<u>DISALLOW CLAIMS PURSUANT TO 11 U.S.C. §502</u>**

Defendant Rosenthal and Rosenthal, Inc. ("<u>Rosenthal</u>"), by and through its undersigned

counsel Montgomery, McCracken, Walker & Rhoads LLP, as and for its answer (the "<u>Answer</u>")

to the First Amended Complaint to Avoid and Recover Transfers Pursuant to 11 U.S.C. §§ 547,

---

[1]     The debtors ("Debtors") in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Décor Holdings, Inc. (4174); Décor Intermediate Holdings LLC (5414); RAD Liquidation Inc. (f/k/a The Robert Allen Duralee Group, Inc.) (8435); RAD Liquidation LLC (f/k/a The Robert Allen Duralee Group, LLC) (1798); and RADF LLC (f/k/a The Robert Allen Duralee Group Furniture, LLC) (2835).

548 and 550 and to Disallow Claims Pursuant to 11 U.S.C. § 502, dated February 12, 2021 (the "Complaint") hereby admits, denies and alleges, as follows:[2]

## NATURE OF THE CASE

1. Rosenthal denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2. Rosenthal denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3. Paragraph 3 of the Complaint calls for a legal conclusion for which no response is required.

4. Paragraph 4 of the Complaint calls for a legal conclusion for which no response is required.

5. Paragraph 5 of the Complaint calls for a legal conclusion for which no response is required.

6. Rosenthal does not consent to entry of final orders or judgment by the bankruptcy court.

## THE PARTIES

7. Rosenthal denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint.

8. Rosenthal denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

9. Rosenthal admits the allegations contained in Paragraph 9 of the Complaint.

---

[2] Rosenthal denies each and every allegation of the Complaint not expressly and specifically admitted below.

## PROCEDURAL BACKGROUND

10. Rosenthal denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

11. Rosenthal denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

12. Rosenthal denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

13. Rosenthal denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

14. Paragraph 14 of the Complaint calls for a legal conclusion for which no response is required.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

15. Rosenthal denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint.

16. Rosenthal admits that Rosenthal received transfers of $60,648.42 for goods sold but denies the rest of the allegations contained in Paragraph 16 of the Complaint.

17. Rosenthal denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint.

18. Rosenthal admits that Rosenthal received transfers of $60,648.42 for goods sold but denies the rest of the allegations contained in Paragraph 18 of the Complaint.

19. Rosenthal denies allegations contained in Paragraph 19 of the Complaint and submits Plaintiff failed to conduct "reasonable due diligence in the circumstances of the case", as

set forth in section 547(b) of the Bankruptcy Code and further submits that Plaintiffs failed to "take[] into account [Rosenthal's] known or reasonably knowable affirmative defenses under subsection (c)", as set forth in section 547(b) of the Bankruptcy Code.

20. Rosenthal denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint.

## CLAIMS FOR RELIEF

### First Claim for Relief
**(Avoidance of Preference Period Transfers– 11 U.S.C. § 547)**

21. Rosenthal repeats and realleges the responses set forth in Paragraphs 1 through 20 above with respect to the allegations contained in Paragraph 21 of the Complaint.

22. Rosenthal admits the allegations contained in Paragraph 22 of the Complaint.

23. Rosenthal denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint.

24. Rosenthal admits that it was a creditor of the Debtors, but otherwise denies the allegations contained in Paragraph 24 of the Complaint.

25. Rosenthal admits that it was a creditor of the Debtors, but otherwise denies the allegations contained in Paragraph 25 of the Complaint.

26. Rosenthal admits that it was a creditor of the Debtors, but otherwise denies the allegations contained in Paragraph 26 of the Complaint.

27. Rosenthal denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint.

28. Rosenthal admits the allegations contained in Paragraph 28 of the Complaint.

29. Rosenthal denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint.

30. Rosenthal denies the allegations contained in Paragraph 30 of the Complaint.

**Second Claim for Relief**
**(Avoidance of Fraudulent Conveyances – 11 U.S.C. § 548(a)(1)(B))**

31. Rosenthal repeats and realleges the responses set forth in Paragraphs 1 through 30 above with respect to the allegations contained in Paragraph 31 of the Complaint.

32. Rosenthal denies the allegations contained in Paragraph 32 of the Complaint.

33. Rosenthal denies the allegations contained in Paragraph 33 of the Complaint.

**Third Claim for Relief**
**(Recovery of Avoided Transfers – 11 U.S.C. § 550)**

34. Rosenthal repeats and realleges the responses set forth in Paragraphs 1 through 33 above with respect to the allegations contained in Paragraph 34 of the Complaint.

35. Rosenthal denies the allegations contained in Paragraph 35 of the Complaint.

36. Rosenthal denies the allegations contained in Paragraph 36 of the Complaint.

37. Rosenthal denies the allegations contained in Paragraph 37 of the Complaint.

**Fourth Claim for Relief**
**(Disallowance of all Claims – 11 U.S.C. § 502(d) and (j))**

38. Rosenthal repeats and realleges the responses set forth in Paragraphs 1 through 37 above with respect to the allegations contained in Paragraph 38 of the Complaint.

39. Rosenthal denies the allegations contained in Paragraph 39 of the Complaint.

40. Paragraph 40 of the Complaint calls for a legal conclusion for which no response is required.

41. Rosenthal denies the allegations contained in Paragraph 41 of the Complaint.

**FIRST AFFIRMATIVE DEFENSE**
**(As to All Claims for Relief)**

42. The Complaint fails to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable by Bankruptcy Rule 7012(b).

## SECOND AFFIRMATIVE DEFENSE
### (As to First Claim for Relief)

43. Pursuant to 11 U.S.C. § 547(c)(2), Plaintiff may not avoid the Transfers because the Transfers by Debtors to Rosenthal were in payment of a debt incurred by Debtors in the ordinary course of business of the Debtors and Rosenthal, and the Transfers by the Debtors to Rosenthal were made in the ordinary course of business of the Debtors and Rosenthal.

## THIRD AFFIRMATIVE DEFENSE
### (As to First Claim for Relief)

44. Pursuant to 11 U.S.C. § 547(c)(2), Plaintiff may not avoid the Transfers because the Transfers by Debtors to Rosenthal were in payment of a debt incurred by Debtors in the ordinary course of business of the Debtors and Rosenthal, and the Transfers by the Debtors to Rosenthal were made according to ordinary business terms.

## FOURTH AFFIRMATIVE DEFENSE
### (As to First Claim for Relief)

45. Pursuant to 11 U.S.C. § 547(c)(4), Plaintiff may not avoid the Transfers, because:

   (a) after each Transfer, Rosenthal gave new value to or for the benefit of Debtors;

   (b) such new value was not secured by an otherwise unavoidable security interest; and

   (c) Debtors did not make an otherwise unavoidable transfer to or for the benefit of Rosenthal on account of such new value.

46. The new value that Rosenthal gave to Debtors was in amounts sufficient to significantly diminish any recovery that Plaintiff alleges it is entitled to in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE
### (As to First Claim for Relief)

47. Pursuant to 11 U.S.C. § 547(c)(1), Plaintiff may not avoid the Transfers, because:

   (a) all Transfers were intended by Debtors and Rosenthal to be a contemporaneous exchange for new value given to Debtors; and

(b)     all Transfers were in fact a substantially contemporaneous exchange for new value given to Debtors.

### SIXTH AFFIRMATIVE DEFENSE
### (As to First and Second Claims for Relief)

48. The Transfers are not recoverable because the Debtors were not insolvent at the time the Transfers were made.

### SEVENTH AFFIRMATIVE DEFENSE
### (As to Second Claim for Relief)

49. The Transfers are not avoidable under 11 U.S.C. § 548(a)(1)(B) because the Transfers were taken for value and in good faith.

### EIGHTH AFFIRMATIVE DEFENSE
### (As to Second Claim for Relief)

50. The Transfers are not avoidable under 11 U.S.C. § 548(a)(1)(B) because Rosenthal gave fair consideration to the Debtor transferor in exchange for the Transfers.

### NINTH AFFIRMATIVE DEFENSE
### (As to Second Claim for Relief)

51. The Transfers are not avoidable under 11 U.S.C. § 548(a)(1)(B) because the Debtor transferor received reasonably equivalent value on account of the Transfers.

### TENTH AFFIRMATIVE DEFENSE
### (As to Second Claim for Relief)

52. The Transfers are not avoidable under 11 U.S.C. § 548(a)(1)(B) because the Debtor transferor was not insolvent and was not rendered insolvent by the Transfers.

### ELEVENTH AFFIRMATIVE DEFENSE
### (As to Third Claim for Relief)

53. Since the Transfers are not avoidable pursuant 11 U.S.C. § 547 or 548, they are not recoverable pursuant 11 U.S.C. § 550.

## TWELFTH AFFIRMATIVE DEFENSE
### (As to All Claims for Relief)

54. Plaintiff is not entitled to recover interest, costs, expenses and legal fees incurred in connection with this Adversary Proceeding because of the defenses Rosenthal has to each and every Claim for Relief of the Complaint.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (As to First Claim for Relief)

55. Plaintiff is not entitled to any recovery due to the Plaintiff's failure to conduct "reasonable due diligence in the circumstances of the case", as set forth in section 547(b) of the Bankruptcy Code.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (As to First Claim for Relief)

56. Plaintiff is not entitled to any recovery due to the Plaintiff's failure to "take[] into account [Rosenthal's] known or reasonably knowable affirmative defenses under subsection (c)", as set forth in section 547(b) of the Bankruptcy Code.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (As to Second Claim for Relief)

57. Plaintiff has failed to plead fraud with particularity as required by Federal Rule of Civil Procedure 9 made applicable herein by Bankruptcy Rule 7009.

## RESERVATION OF RIGHTS

58. Rosenthal reserves the right to amend this Answer and assert any other claims or defenses as may be available or become available to it during the course of these proceedings.

**WHEREFORE**, Rosenthal respectfully requests judgment:

    (a)    dismissing the Complaint with prejudice;

    (b)    for the costs and disbursements of this Adversary Proceeding; and

      (c)      for such other and further relief as the Court deems just and proper.

Dated: March 18, 2021        **MONTGOMERY, McCRACKEN,**
      New York, New York       **WALKER & RHOADS LLP**


By: /s/ *Edward L. Schnitzer*
    Edward L. Schnitzer
    437 Madison Avenue
    New York, NY 10022
    (212) 551-7781
    eschnitzer@mmwr.com

    *Counsel for Rosenthal & Rosenthal, Inc.*